Matter of Sharon (2022 NY Slip Op 06622)

Matter of Sharon

2022 NY Slip Op 06622

Decided on November 18, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed Nov. 18, 2022.) 

&em;

[*1]MATTER OF JOHN W. SHARON, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 25, 1992, and he maintains an office in Tully. In January 2022, the Grievance Committee filed a petition asserting against respondent a sole charge of professional misconduct, which alleges that he engaged in certain acts of professional misconduct in relation to the maintenance and administration of his attorney trust account. Although respondent filed an answer denying material allegations of the petition, the parties have since filed a joint motion for discipline on consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of public censure.
Respondent conditionally admits that, between June 2019 and February 2020, he deposited personal funds into his attorney trust account, failed to maintain a balance in the account sufficient to satisfy his trust account obligations to certain clients, deposited cash into the account on five occasions without making and keeping records sufficient to identify the source of the funds or the party entitled thereto, and disbursed funds to himself from the account in payment of legal fees using a check that did not bear the title "attorney trust account" or an equivalent title. Respondent also admits that he transferred funds from his trust account to his operating account on four occasions without making or keeping records sufficient to show the purpose of each transfer. Respondent further admits that, between January and March 2020, his legal secretary issued to herself 12 trust account checks in the total amount of $1,010 by forging respondent's signature on each check and that he did not immediately discover the thefts because, during the relevant time period, he failed to supervise the work of his legal secretary or review banking statements and other trust account records. Finally, respondent admits that he failed to produce to the Grievance Committee in a timely manner copies of various trust account records that were requested by the Committee during its investigation.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that respondent's admissions establish that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.15 (a)—misappropriating funds belonging to another that came into his possession incident to his practice of law and commingling personal funds with such funds;
rule 1.15 (b) (2)—failing to identify his trust account as an "attorney special account," "attorney trust account," or "attorney escrow account" or to obtain checks and deposit slips that bear such title;
rule 1.15 (d) (1)—failing to maintain required bookkeeping and other records concerning transactions involving his attorney trust account;
rule 5.3 (a)—failing to supervise adequately the work of a nonlawyer who works for the lawyer; and
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice.
We note that our conclusion that respondent violated rule 1.15 (a) is based, at least in part, on his legal secretary's misappropriation or theft of funds from respondent's trust account. The Rules of Professional Conduct provide that, under certain circumstances, a lawyer with supervisory authority over a nonlawyer shall be responsible for misconduct of the nonlawyer (Rules of Professional Conduct [22 NYCRR 1200.0] rule 5.3 [b] [2] [ii]). In this case, we conclude that the consequences of the legal secretary's misconduct could have been avoided or mitigated had respondent exercised reasonable supervisory authority over the legal secretary with respect to the administration of respondent's trust account and funds held therein (see id.; see also Matter of Galasso, 19 NY3d 688, 694-695 [2012]).
In determining an appropriate sanction, we have considered respondent's statement that [*2]no client was prejudiced by his admitted misconduct and that he has taken steps to improve the administration of his trust account by engaging a certified public accountant, enrolling in an attorney mentoring program with a focus on best practices for trust account transactions, and completing additional continuing legal education concerning the management of his trust account. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.